UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JOSEPH ANTHONY REYNA,** *Plaintiff* § § § | |
| v. § | No. 1:25-CV-01504-RP-DH |
| **TWITCH INTERACTIVE, INC.,** *Defendant* § § § § | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Joseph Anthony Reyna's application to proceed *in forma pauperis*. Dkt. 2. Because Reyna is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

### I.   REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Reyna's financial affidavit and determined he is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Reyna's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving

1

security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Reyna is further advised that, although he has been granted leave to proceed *in forma pauperis,* a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald,* 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Reyna's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.   REVIEW OF THE MERITS OF THE CLAIM

Because Reyna has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review his complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Reyna, who identifies himself as a "creator, nonprofit director, and owner" of the JOECAT trademark, brings this lawsuit against Defendant Twitch Interactive, Inc. ("Twitch") based on alleged violations of the Lanham Act, among other federal and state-law causes of action. Dkt. 1, at 5, 7-8. Reyna asserts that through "tolerat[ing]" "synthetic" audiences, contests, and gambling and failing to implement "basic [] safeguards" against money-laundering, Twitch caused Reyna's nonprofit's brand to be "conceal[ed] and suppress[ed]." *Id.* at 2-3. According to Reyna, as a result, "none of the companies previously listed on [Reyna's nonprofit's] website as donors have donated again." *Id.* at 3. Reyna further alleges that Twitch "monetized" the absence of Nevada Gaming Control regulations, apparently to his and his nonprofit's detriment. *Id.* at 3.

The undersigned finds that Reyna's suit is frivolous for lack of standing. To have standing to bring a claim, (1) a plaintiff must have suffered an injury in fact, (2) there must be a causal connection between the injury and the conduct complained of, and (3) it must be likely that the injury will be redressed by a favorable

decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). First, Reyna fails to allege any injury to himself as the plaintiff in this suit apart from harm to his nonprofit. *See* Dkt. 1. Additionally, any injury to Reyna's nonprofit is speculative at best. Reyna asserts that Twitch's management of its own gaming platforms caused certain donors to fail to donate again to Reyna's nonprofit, which appears unrelated to gaming. *Id.* at 1, 2-3 (stating that Reyna's nonprofit "develops youth-centered infrastructure projects" including an LED skating rink and a "modular housing concept"). To the extent that injury to Reyna's "brand" can be considered an injury to Reyna himself, *see* Dkt. 1, at 3, it is similarly speculative that any action by Twitch caused that injury. Because Reyna fails to allege either an injury to himself or a causal connection between any injury and Twitch's conduct, Reyna accordingly lacks standing and fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); *Lujan*, 504 U.S. at 560-561.

### III.   ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Reyna's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Reyna's causes of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY** Reyna's remaining motions, Dkts. 3; 4, as **MOOT**.

The referral of this case to the Magistrate Judge should now be canceled.

## IV.     FRIVOLOUS LITIGANT WARNING

Reyna has brought three previous lawsuits in this Court which were dismissed under Section 1915 as frivolous. *See Reyna et al., v. DaVita Inc.*, 1:25-cv-1029-RP; *Reyna et al., v. Tex. Med. Liability Trust.*, 1:25-cv-1105-ADA; *Reyna v. Soc. Sec. Admin.*, 1:25-cv-1293-ADA. Reyna is also a plaintiff in seven other active cases. *See Reyna v. Tex. Dep't of State Health Servs.*, 1:25-cv-871-ADA; *Reyna, et al. v. Spotify Tech. S.A., et al.*, 1:25-cv-1023-DAE; *Reyna, et al. v. Nelnet Inc., et al.*, 1:25-cv-1107-ADA; *Reyna v. Tex. Dep't of Transp., et al.*, 1:25-cv-1290-DAE-ML; *Reyna v. Wells Fargo Bank, N.A., et al.*, 1:25-cv-1356-RP-ML; *Reyna v. Block, Inc.*, 1:25-cv-1402-RP; *Reyna v. Cap. One Fin. Corp., et al.*, 1:25-cv-1498-ADA-SH.

A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). As noted above, no pro se litigant has the "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 360.

In addition to monetary sanctions, "[a] district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). District courts are permitted to act *sua sponte* in imposing restrictions on future filings. *Qureshi v. United States*,

5

600 F.3d 523, 526 (5th Cir. 2010). However, the court must notify the litigant and provide him an opportunity to be heard on the matter before imposing a *sua sponte* pre-filing injunction on the vexatious litigant. *Id.*

Accordingly, the undersigned **WARNS** Reyna that he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits if he continues to file frivolous claims and otherwise abuse his access to the judicial system.

## V. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 9, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

SIGNED October 9, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE